**NOT YET SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

FABRICLEAN SUPPLY; TECHNICAL
CHEMICAL COMPANY; OLIN CORPORATION;
AMERICAN CHEMISTRY COUNCIL; GEORGIA
CHEMISTRY COUNCIL; OHIO CHEMISTRY
TECHNOLOGY COUNCIL; CENTER FOR
ENVIRONMENTAL HEALTH,

       *Petitioners*,

    v.

U.S. ENVIRONMENTAL PROTECTION AGENCY
and LEE ZELDIN, Administrator of the U.S.
Environmental Protection Agency,

       *Respondents*.

Case No. 25-60006

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondents United States Environmental Protection Agency and

Administrator Lee Zeldin ("EPA") respectfully move the Court to hold this case in

abeyance for 60 days to allow new leadership to review the underlying rule that is

the subject of the petitions for review.  Petitioners do not oppose the relief

requested in this motion.

    1.    In December 2024, EPA published a new regulation under the Toxic

Substances Control Act entitled, "Perchloroethylene (PCE); Regulation Under the

Toxic Substances Control Act (TSCA)." 89 Fed. Reg. 103560 (Dec. 18, 2024)

("the PCE Rule").

2.    Petitioners filed petitions for review of the PCE Rule in this Court and the Sixth, Eight, Ninth, and Eleventh Circuit.  The United States Judicial Panel on Multidistrict Litigation subsequently ordered that the various petitions for review be consolidated in this Court pursuant to 28 U.S.C. § 2112(a)(3).

3.    A briefing schedule has not yet been set in this matter.  Further, additional petitions for review of the PCE Rule may still be filed through March 3, 2025.[1]

4.    As the Court is aware, a new administration took office on January 20, 2025.  New administration officials at EPA need time to review numerous rulemakings, including the PCE Rule, and to familiarize themselves with ongoing litigation.  Here, EPA must brief new agency leadership on the PCE Rule so they can determine what, if any, action is necessary.

---

[1] The PCE Rule was published on December 18, 2024, and therefore was promulgated for purposes of judicial review on January 2, 2025.  *See* 40 C.F.R. §§ 23.5 (the date of promulgation for a rule is "two weeks after the date when the document is published in the Federal Register"); 23.11 ("If the date determined under §§ 23.2 to 23.10 falls on a Federal holiday, then the time and date of the Administrator's action shall be at 1:00 p.m. eastern time on the next day that is not a Federal holiday.").  Accordingly, petitions for review may be filed through March 3, 2025.  15 U.S.C. § 2618(a)(1)(A) (petitions for review of rules promulgated pursuant to TSCA Subchapter I may be filed "not later than 60 days after the date on which a rule is promulgated").

5.    To allow new leadership to undertake that review in an orderly fashion, EPA requests that the Court place this case in abeyance for 60 days.

6.    This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7.    An abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted))).

8.      Courts have granted stays or abeyance in circumstances like those presented here to accommodate a new administration's need to be briefed on the issues presented in pending litigation. *See, e.g.*, Order, (Doc. No. 48, 39),[2] *Union Carbide v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025) (granting EPA's request to stay matter to allow new leadership to review challenged agency action); Order, (Doc. No. 142, 133), *Denka Performance Elastomer, LLC v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025) (granting EPA's request for an abeyance to allow the agency to brief new leadership on the case and issues presented); Order, (Doc. Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

9.      Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending

---

[2] In this and the following citation, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

4

reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

10.    For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

Date: February 12, 2025                    Respectfully submitted,

                                           LISA LYNNE RUSSELL
                                           Deputy Assistant Attorney General

                                           */s Alexander M. Purpuro*
                                           ALEXANDER M. PURPURO
                                           U.S. Department of Justice
                                           Environment & Natural Resources Division
                                           P.O. Box 7611
                                           Washington, D.C. 20044
                                           Tel: (202) 514-9771 (Purpuro)
                                           Alexander.Purpuro@usdoj.gov

                                           *Counsel for Respondents*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 923 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Dated February 12, 2025

*/s Alexander M. Purpuro*
Alexander M. Purpuro