NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FABRICLEAN SUPPLY; TECHNICAL CHEMICAL COMPANY; OLIN CORPORATION; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; OHIO CHEMISTRY TECHNOLOGY COUNCIL; CENTER FOR ENVIRONMENTAL HEALTH,<br><br>  *Petitioners*,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,<br><br>  *Respondents*. | Case No. 25-60006 |

**OPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondents United States Environmental Protection Agency ("EPA") and Administrator Lee Zeldin respectfully move the Court for an order continuing to hold this case in abeyance while EPA conducts a rulemaking to reassess the challenged rule, with status reports due every 90 days and promptly upon completion of further rulemaking. Counsel for Respondents requested Petitioners' positions to include in this motion. Counsel for Petitioner Center for Environmental Health advised that it intends to oppose Respondents' motion. Counsel for Petitioners American Chemistry Council and Georgia Chemistry

Council advised that they do not oppose Respondents' motion. Counsel for Petitioners FabriClean Supply, Technical Chemical Company, and Olin Corporation advised that they would not be able to provide their position on the date of this filing. Counsel for Petitioner Ohio Chemistry Technology Council did not respond to Respondents' request for position as of the time of this filing.

1. In December 2024, EPA published a new regulation under the Toxic Substances Control Act entitled, "Perchloroethylene (PCE); Regulation Under the Toxic Substances Control Act (TSCA)." 89 Fed. Reg. 103560 (Dec. 18, 2024) ("the PCE Rule").

2. Petitioners filed petitions for review of the PCE Rule in this Court and the Sixth, Eight, Ninth, and Eleventh Circuit. The United States Judicial Panel on Multidistrict Litigation subsequently ordered that the various petitions for review be consolidated in this Court pursuant to 28 U.S.C. § 2112(a)(3).

3. On February 12, 2025, Respondents moved this Court to hold this case in abeyance for 60 days to allow new leadership to review the PCE Rule. ECF No. 41.

4. On March 12, 2025, the Court granted Respondents' motion and stayed this matter for 60 days.[1] ECF No. 54.

---

[1] Prior to the Court's order, a briefing schedule was set, ECF No. 51, but was subsequently vacated pursuant to the Court's order granting a stay, ECF No. 55.

5. EPA leadership has reviewed the PCE Rule and EPA now intends to reconsider the PCE Rule through notice-and-comment rulemaking, and expects that this process, including any regulatory changes, will take between 12-18 months. *See* Declaration of Nancy B. Beck ¶¶ 8-9.

6. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. Courts have long recognized that agencies may generally reassess and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances.") (citations omitted); *ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir. 2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's

3

reappraisal of the costs and benefits of its programs and regulations") (citation omitted).

8. Further abeyance would preserve resources of the Court. EPA's reassessment of the rule may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 ("[W]e granted EPA's motion to sever and hold in abeyance the Industry Petitioners' and Water Company Petitioners' challenges to the final rule");[2] *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

\* \* \*

---

[2] In *Southwestern Electric Power Company*, EPA similarly moved for an abeyance of proceedings on challenges to certain regulations where the Administrator had "decided that it is appropriate and in the public interest to conduct a rulemaking to potentially revise" those regulations, *see Sw. Elec. Power Co. v. EPA*, No. 15-60821, ECF No. 201 at 6 (Aug. 14, 2017), which this Court granted, ECF No. 00514126308 (Aug. 22, 2017).

WHEREFORE, Respondents respectfully request that the Court issue an order holding this case in abeyance, with status reports due every 90 days and promptly upon completion of further rulemaking.

Date: May 12, 2025					Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s Alexander M. Purpuro*
ALEXANDER M. PURPURO
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-9771 (Purpuro)
Alexander.Purpuro@usdoj.gov

*Counsel for Respondents*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 805 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Dated May 12, 2025

> */s Alexander M. Purpuro*
> Alexander M. Purpuro