NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FABRICLEAN SUPPLY; TECHNICAL CHEMICAL COMPANY; OLIN CORPORATION; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; OHIO CHEMISTRY TECHNOLOGY COUNCIL; CENTER FOR ENVIRONMENTAL HEALTH,

*Petitioners,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,

*Respondents.*

Case No. 25-60006

**OPPOSITION OF PETITIONER CENTER FOR ENVIRONMENTAL HEALTH TO MOTION OF ENVIRONMENTAL PROTECTION AGENCY FOR AN ABEYANCE**

Petitioner Center for Environmental Health (CEH) hereby opposes the August 21, 2025 motion of the Environmental Protection Agency (EPA) to hold this case in abeyance for 90 days. ECF No. 71-1.

1. The petitions pending before the Court seek review of an EPA rule entitled, "Perchloroethylene (PCE); Regulation Under the Toxic Substances Control Act (TSCA)." 89 Fed. Reg. 103560 (Dec. 18, 2024). The rule is based on

1

an EPA risk evaluation determining that PCE, a large volume chemical with numerous industrial and consumer uses, presents an unreasonable risk of injury under TSCA section 6. The rule imposes extensive prohibitions and restrictions on PCE manufacture and use that EPA found necessary to eliminate this unreasonable risk in accordance with TSCA.

2. On May 12, 2025, EPA filed an opposed motion with the Court seeking an open-ended abeyance of this case. *See* ECF No. 56-1. The basis for this relief was EPA's intent to reconsider several aspects of the PCE rule and to conduct a notice-and-comment rulemaking under TSCA to modify the rule's requirements. The proposed abeyance was intended to remain in effect until a revised rule was promulgated. If granted, it would have precluded briefing, oral argument and a decision on the issues raised by the current rule.

3. On May 25, 2025, the Court denied EPA's request "to extend the stay of proceedings in this court indefinitely" but granted a 90-day stay of the case. ECF No. 69-2. Its order stipulated that, "[b]y August 21, 2025, the court expects the parties to have resolved the matter or be prepared to proceed with the appeal."

4. Obviously, there has been no agreement among the parties that "resolve[s] the matter." Nonetheless, rather than "proceed with the appeal," EPA is coming back for another bite at the apple – this time for a 90 day abeyance rather than an open-ended one. EPA earlier projected that its rulemaking would take 12-

18 months from its May 25 motion; it is now likely to take considerably longer given the Agency's large workload and constrained resources and its recent Federal Register notice seeking preliminary public comment on the issues to be addressed in the new rulemaking. 90 Fed. Reg. 35858 (July 30, 2025).

    5. EPA obviously knows that the 90 day abeyance it seeks will be far too short to complete its rulemaking and additional abeyances will be needed. Yet it is apparently assuming that piecemeal abeyances that last for two years or longer will somehow be more palatable than the single open-ended abeyance the Court rejected.

    6. While many decisions recognize that agencies may reexamine and revise final rules, an agency is not automatically entitled to a stay of a pending judicial challenge merely because it wants to reconsider a rule. Courts have broad discretion to stay their proceedings but that discretion is "not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* As the Supreme Court held in *Landis v. N. Am. Co.*, 299 US. 248, 254-55 (1936), "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." "[B]enefit and hardship would have to be set off, the one against

3

the other, and a balance ascertained." *Am. Life Ins.Co. v. Stewart*, 300 U.S. 203, 216 (1937) (citing *Landis*, 299 U.S. at 248).

7. In two recent cases involving similar TSCA provisions as those at issue here, this Court denied EPA motions for an open-ended abeyance while the Agency reconsidered and modified the challenged EPA action.

In *East Fork Enterprises v. EPA*, No. 24-60256, the Court initially granted EPA's motion for a 120-day abeyance of petitions for review of the Agency's TSCA risk management rule for methylene chloride. However, industry petitioners sought reconsideration of the order granting the abeyance and asked for prompt adjudication of their challenges to the rule. Petitioners' Motion for Review and Lifting of Abeyance, Case No. 24-60256, ECF No. 195 (Feb. 20, 2025). Based on these arguments, the Court withdrew its abeyance order and directed the parties to proceed with briefing. ECF No. 200 (Feb. 25, 2025). The Court heard oral argument in the case on June 3, 2025.

In *Union Carbide Corporation v. EPA*, Case No. 24-60615, EPA sought an open-ended abeyance of a case challenging elements of the Agency's 2024 risk evaluation of 1,4-dioxane under section 6(b) of TSCA. EPA indicated that it wished to reconsider and possibly modify the science supporting unreasonable risk determinations made by the preceding Administration. It estimated that this

4

process would take 12-24 months. Although EPA's motion was unopposed, the Court's May 30, 2025 order only granted a 30-day abeyance. [1]

8. As in these earlier cases, EPA argues that extending the abeyance here "would preserve resources of both the Court and the parties" because "EPA's reassessment of the rule may replace some or all of the challenged portions of the PCE Rule that petitioners intend to challenge and thus obviate the need for judicial resolution of some or all the disputed issues." Motion at 5-6. However, the issues raised in this case would likely be similar if not identical to the issues raised in a challenge to EPA's modified PCE rule.

9. As described in EPA's July 30, 2025 Federal Register notice, EPA is seeking public comment on --

> "additional or alternative approaches to address unreasonable risk, and specifically requested input on the Existing Chemical Exposure Limit promulgated under the PCE Rule, on conditions of use that. . . should be subjected to a Workplace Chemical Protection Program as opposed to a prohibition, and on the use of PCE in industrial dry cleaning processes including workplace controls that reduce exposure to PCE and the performance of alternatives to PCE in these operations."

---

[1] Another TSCA section 6 case in this Court involving EPA's risk management rule for chrysotile asbestos is also nearing the completion of briefing and should be set for oral argument early in 2026. *Texas Chemistry Council v. Environmental Protect Agency*, No. 24-60193. With the Court on a track to decide the merits in two TSCA section 6 cases, it would be illogical to put the PCE petitions for review (which raise similar issues) on hold.

5

90 Fed. Reg. at 35859. In the absence of an abeyance, the parties will likely brief these issues in the current case, with CEH arguing that EPA's PCE rule is too lax in its use prohibitions and worker protections and the industry petitioners arguing that these aspects of the rule are too stringent. Thus, postponing judicial consideration until after EPA promulgates a revised PCE rule will not narrow or eliminate critical areas of dispute but simply delay their resolution. This delay could have harmful consequences: near-term judicial guidance on the TSCA risk management framework will inform how EPA revises the PCE rule and thus minimize the likelihood of further litigation and legal uncertainty.

WHEREFORE the Court should deny EPA's motion for a further abeyance and direct the parties to submit a briefing schedule.

Dated: August 27, 2025

                              Respectfully submitted,

                              /s/ Robert M. Sussman
                              Robert M. Sussman
                              Sussman & Associates
                              3101 Garfield St., N.W.
                              Washington, D.C. 20008
                              202-716-0118
                              bobsussman@comcast.net

*Counsel for Center for Environmental Health*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), counsel hereby certifies that the foregoing Opposition Of Petitioner Center For Environmental Health To Motion Of Environmental Protection Agency For An Abeyance contains 1202 words, as counted by counsel's word processing system, and thus complies with the 5,200- word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure, 32(a)(5) and (a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.