NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FABRICLEAN SUPPLY; TECHNICAL CHEMICAL COMPANY; OLIN CORPORATION; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; OHIO CHEMISTRY TECHNOLOGY COUNCIL; CENTER FOR ENVIRONMENTAL HEALTH,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 25-60006 |

**REPLY IN SUPPORT OF MOTION TO CONTINUE ABEYANCE BY 90 DAYS**

Respondents United States Environmental Protection Agency ("EPA") and Administrator Lee Zeldin respectfully submit this reply in support of their Motion to Continue the Abeyance. EPA briefly discusses two points regarding Petitioner Center for Environmental Health's (the "Center") opposition.

1. *First*, the Center does not contend that it will suffer any harm or hardship by a further abeyance in this matter. Although the Center contends that this Court must "weigh competing interests," ECF No. 78 at 3 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2 541, 545 (5th Cir. 1983)), the Center

does not articulate what interest it has in proceeding with litigation at this time. As EPA explained in its Motion, further abeyance would preserve both this Court's and the parties' resources by avoiding the need to litigate issues which may either become irrelevant in the face of a new rule, or which may need to be considered under a new administrative record. ECF No. 71-1 at 5-6. Although the Center contends the Court should "weigh competing interests," it fails to explain what interest weighs against preservation of the parties' and the Court's resources by avoiding litigation on a rule which is being actively reconsidered. Moreover, all other petitioners either did not oppose or took no position with respect to EPA's request for further abeyance in this matter.

2. And *second*, the two "recent cases" involving requests for an abeyance that the Center cites, *see* ECF No. 78 at 4-5, are inapposite. In *East Fork Enterprises v. EPA*, No. 24-60256, EPA did not request an abeyance based on its intent to reconsider the challenged rule and EPA's request for abeyance was opposed by petitioners who asserted that "[c]ompliance with the rule being challenged is already required, and costs are mounting." *East Fork Enterprises*, 24-60256, ECF No. 192; ECF No. 206 at 1 (5th Cir.). Here, EPA is reconsidering the PCE Rule and no petitioner is opposing EPA's motion by articulating any harm the abeyance could cause. And the Center omits that in *Union Carbide Corporation v. EPA*, No. 24-60615, although this Court initially granted a 30-day

abeyance through May 30, 2025, it granted a further 90-day abeyance through September 30, 2025, based on a subsequent request by EPA. *Union Carbide*, No. 24-6015, ECF No. 71 (5th Cir.). This is the same relief that EPA seeks here.

For the reasons stated in its Motion and this Reply, EPA respectfully request that the Court issue an order holding this case in abeyance for an additional 90 days.

Date: September 2, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

<u>/s Alexander M. Purpuro</u>
ALEXANDER M. PURPURO
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 353-5230
Alexander.Purpuro@usdoj.gov

*Counsel for Respondents*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 414 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Dated September 2, 2025

>                             */s Alexander M. Purpuro*
>                             Alexander M. Purpuro