**NOT YET SCHEDULED FOR ORAL ARGUMENT**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FABRICLEAN SUPPLY; TECHNICAL CHEMICAL COMPANY; OLIN CORPORATION; AMERICAN CHEMISTRY COUNCIL; GEORGIA CHEMISTRY COUNCIL; OHIO CHEMISTRY TECHNOLOGY COUNCIL; CENTER FOR ENVIRONMENTAL HEALTH, <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency, <br><br> *Respondents*. | Case No. 25-60006 |

**MOTION TO EXTEND ABEYANCE FOR AN ADDITIONAL 90 DAYS**

Respondents United States Environmental Protection Agency ("EPA") and Administrator Lee Zeldin respectfully move the Court for an order continuing to hold this case in abeyance while EPA conducts a rulemaking to reassess the challenged rule. EPA is currently reconsidering the challenged rule and, as explained in its letter in response to this Court's order, EPA is in the process of developing a Notice of Proposed Rulemaking to amend the challenged rule. EPA thus requests that the Court extend the abeyance of this matter by an additional 90 days. Counsel for EPA requested Petitioners' positions to include in this motion.

Counsel for Petitioner Center for Environmental Health advised that the Center opposes this motion. Counsel for Petitioners FabriClean Supply, Technical Chemical Company, and Olin Corporation advised that they reserve their position with respect to this motion. The undersigned did not receive a response from counsel for the remaining petitioners as of the time of this filing.

1. In December 2024, EPA published a new regulation under the Toxic Substances Control Act entitled, "Perchloroethylene (PCE); Regulation Under the Toxic Substances Control Act (TSCA)." 89 Fed. Reg. 103560 (Dec. 18, 2024) ("the PCE Rule").

2. Petitioners filed petitions for review of the PCE Rule in this Court and the Sixth, Eight, Ninth, and Eleventh Circuits. The United States Judicial Panel on Multidistrict Litigation subsequently ordered that the various petitions for review be consolidated in this Court pursuant to 28 U.S.C. § 2112(a)(3).

3. On February 12, 2025, Respondents moved this Court to hold this case in abeyance for 60 days to allow new leadership to review the PCE Rule. ECF No. 41.

4. On March 12, 2025, the Court granted Respondents' motion and stayed this matter for 60 days. ECF No. 54.

5. On May 12, 2025, EPA moved for an open-ended abeyance, advising that EPA intends to reconsider the PCE Rule through notice-and-comment

rulemaking. *See* ECF No. 56-1. On May 23, 2025, this Court denied EPA's request for an open-ended abeyance but granted a 90-day stay of proceedings. ECF No. 69-2.

6. On August 21, 2025, EPA moved to extend the stay by an additional 90 days, ECF No. 71, and on September 12, 2025, this Court granted EPA's request and directed EPA to "file a letter specifying the agency's plans, if any, for issuing a new rule and their assessment of the impact that any such rule will have on this litigation," ECF No. 83, which EPA has filed concurrently with this motion.

7. EPA continues to reconsider the rule and intends to issue a notice of proposed rulemaking seeking public comment on potential changes to the PCE Rule and finalize a new rule based on public input. Beck Decl.[1] ¶ 6-7.

8. As explained in its prior motion, EPA published a notice in the Federal Register on July 30, 2025, seeking public comment to inform its reconsideration of the PCE Rule. *See* 90 Fed. Reg. 35858 (July 30, 2025). EPA invited public comment "on all aspects" of the PCE Rule, including but not limited to implementation issues and additional or alternative approaches to address unreasonable risk, and specifically requested input on the Existing Chemical

---

[1] Citations to "Beck Decl." refer to the November 26, 2025, Declaration of Nancy B. Beck, attached to EPA's Letter Response to this Court's September 12, 2025 Order.

Exposure Limit ("ECEL") promulgated under the PCE Rule, on conditions of use that commenters believe should be subjected to a Workplace Chemical Protection Program as opposed to a prohibition, and on the use of PCE in industrial dry cleaning processes including workplace controls that reduce exposure to PCE and the performance of alternatives to PCE in these operations. *See id.* at 35859.

9. EPA received over 50 comments in response to that publication and is considering these comments and other reasonably available information as it moves forward in developing its proposed rule. Beck Decl. ¶ 9. Those comments reflected a range of positions on a variety of issues. *Id.* ¶¶ 9-10 For example, EPA received comments asserting that it should adopt a higher ECEL value than the one promulgated in the 2024 PCE Rule and suggesting a wide range of alternative values. *Id.* ¶ 10. EPA also received other comments opposing any increase to the existing ECEL value. *Id.* Additional topics addressed in public comments concerned restrictions on PCE use in film cleaning/preservation, energized electrical cleaner, and dry cleaning, among other things, as well as broader issues related to regulatory alignment. *Id.* Among these submissions, EPA also received public comments from several Petitioners in this proceeding, including American Chemistry Council (in two separate comments submitted by the American Chemistry Council and the Chlorine Panel of the American Chemistry Council),

Olin Corporation, FabriClean Supply, and Center for Environmental Health (jointly submitted with other organizations). *Id.* ¶ 11.

10. As of the time of this filing, EPA expects to publish a Notice of Proposed Rulemaking to amend the PCE Rule in or around summer 2026, and a final rule in 2027. Beck Decl. ¶¶ 13, 16. EPA is also considering options for extending certain compliance dates established by the PCE Rule, including options involving separate, expedited rulemaking to address compliance date extensions. *Id.* ¶ 13.

11. In light of EPA's concrete steps reconsidering the PCE Rule and the timeframe necessary to complete that reconsideration, EPA respectfully submits that a further 90-day extension of the abeyance in this matter is appropriate.

12. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

13. Courts have long recognized that agencies may generally reassess and, if appropriate, revise their past decisions. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample

latitude to adapt their rules and policies to the demands of changing circumstances.") (citations omitted); *ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir. 2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations") (citation omitted).

14.   Further abeyance would preserve resources of both the Court and the parties.  As EPA explains in its Letter, EPA plans to propose changes to various aspects of the PCE Rule, including but not limited to the ECEL, and it is reasonable to anticipate that these changes may impact this litigation.  Accordingly, EPA's reassessment of the rule may replace some or all of the portions of the PCE Rule that petitioners intend to challenge and thus obviate the need for judicial resolution of some or all the disputed issues.  Moreover, even if some issues remain, EPA's solicitation and consideration of additional stakeholder input and public comment through its reconsideration of the PCE Rule will impact the new administrative record in support of the anticipated rule.  Accordingly, any record-based challenge to the PCE Rule that proceeds in this matter may need to be

relitigated based on the new record. Good cause thus exists for the requested abeyance. *See Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 (5th Cir. 2019) ("[W]e granted EPA's motion to sever and hold in abeyance the Industry Petitioners' and Water Company Petitioners' challenges to the final rule");[2] *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

15.    If, however, the Court determines that a further abeyance is not appropriate, EPA requests the Court afford the parties two weeks from the Court's order to confer and propose a briefing schedule for merits briefing in this matter.

---

[2] In *Southwestern Electric Power Company*, EPA similarly moved for an abeyance of proceedings on challenges to certain regulations where the Administrator had "decided that it is appropriate and in the public interest to conduct a rulemaking to potentially revise" those regulations, *see Sw. Elec. Power Co. v. EPA*, No. 15-60821, ECF No. 201 at 6 (Aug. 14, 2017), which this Court granted, ECF No. 00514126308 (Aug. 22, 2017).

WHEREFORE, EPA respectfully requests that the Court issue an order holding this case in abeyance for an additional 90 days. In the alternative, EPA requests the Court order the parties to confer and submit a proposed briefing schedule within two weeks of the Court's order.

Date: November 28, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Alexander M. Purpuro*
ALEXANDER M. PURPURO
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 353-5230
Alexander.Purpuro@usdoj.gov
*Counsel for Respondents*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 1537 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Dated November 28, 2025

                */s Alexander M. Purpuro*
                Alexander M. Purpuro